107 F.3d 19
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lavinia Yannie WHITEHAIR, Plaintiff-Appellant,
v.
OFFICE OF NAVAJO & HOPI INDIAN RELOCATION, an administrative
agency of the United States, Defendant-Appellee.
 No. 95-17063.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1997.
Decided Feb. 03, 1997.
 
 Before: LAY,* GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lavinia Yannie Whitehair, a Navajo tribal member, applied for relocation assistance benefits on July 10, 1984, under the Navajo-Hopi Settlement Act, 25 U.S.C. § 640d. The Act authorized, inter alia, relocation assistance benefits for heads of households who moved from land partitioned to the tribe of which they are not a member. In order to qualify for relocation benefits, an applicant must satisfy three requirements: 1) she must prove that on December 22, 1974, she was a legal resident of an area partitioned under the Settlement Act, 2) she must not be a member of the tribe that received the partitioned land, and 3) she must have been a head of household at the time of relocation. 25 C.F.R. § 700.147.
 
 
 3
 The Hearing Officer recommended that Whitehair be denied benefits because her testimony demonstrated that she was not a head of household at the time of her relocation from Hopi Partitioned Land to Navajo Partitioned Land. The agency, now called the Office of Navajo and Hopi Indian Relocation (ONHIR), notified Whitehair of final agency action denying her benefits on June 13, 1988.
 
 
 4
 In 1994, Whitehair filed her complaint in district court, challenging the ONHIR's decision denying her relocation benefits. The district court[1] granted the ONHIR's motion for summary judgment, holding that the ONHIR's determination was supported by substantial evidence and was not arbitrary.[2] The district court also found that the agency had acted in good faith and rejected also found that the agency had acted in good faith and rejected Whitehair's argument that the decision violated the federal government's trust responsibility owed to her as a Native American.
 
 
 5
 On appeal, Whitehair argues that the district court order should be reversed because the ONHIR's decision denying her relocation benefits was arbitrary given that her cousin who was allegedly similarly situated received benefits and she did not.
 
 
 6
 After reviewing the evidence and the district court opinion, we find substantial evidence on the record as a whole supports the agency's decision. Whitehair has not established that the ONHIR's certification of others for benefits, after its decision to deny her benefits, renders the ONHIR's determination to deny her relocation benefits arbitrary. Additionally, we find that the ONHIR properly applied the eligibility requirements and did not violate its trust responsibility.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Honorable Paul G. Rosenblatt, United States District Court Judge for the District of Arizona
 
 
 [2]
 The record reflects that Whitehair was raised by her aunt on Hopi Partitioned Land. She stated that her aunt's home, where she claimed legal residency, was destroyed while she was living near Phoenix for high school. Whitehair also testified that her aunt relocated to Navajo Partitioned Land before Whitehair finished high school and returned to live with her. The parties apparently agree that Whitehair was a dependent minor, and not a head of household, while she was away in high school, and that if she attained head of household status it would have to have occurred after she graduated. See District Court Order at 3